UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INGRAM BARGE COMPANY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| 11,860.56 TONS OF COAL ONBOARD | * | SECTION "__" (   ) |
| BARGES IN081052, ING2262, ING5572, | * | |
| ING5718, ING5756, OR5417, OR5456, *in* | * | JUDGE |
| *rem*, and KEYSTONE INDUSTRIES, | * | |
| L.L.C., *in personam* | * | MAGISTRATE |

## VERIFIED COMPLAINT

The complaint of INGRAM BARGE COMPANY against 11,860.56 Tons of Coal onboard Barges ING5756, ING2262, ING5572, IN081052, OR5417, OR5456, ING5718, *in rem*, (hereinafter referred to as "the Cargo") and against Keystone Industries, L.L.C., *in personam*, being an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, with respect represents:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The court has jurisdiction pursuant to 28 U.S.C. § 1333.

2.

Venue and jurisdiction is proper in this Court because the Cargo is within the territorial jurisdiction of this Honorable Court on the Mississippi River at or near Reserve, Louisiana.

1

3.

Plaintiff, Ingram Barge Company ("Ingram"), is a corporation organized and existing pursuant to the laws of the State of Tennessee with its principal place of business at Nashville, Tennessee, and authorized to do and doing business within the State of Louisiana.

4.

At all times hereinafter mentioned, defendant, Keystone Industries, L.L.C. ("Keystone"), was a foreign corporation organized and existing under the laws of the State of Maryland with its principal place of business at Ft. Myers, Florida, but having no registered office or duly appointed agent for service of process within the State of Louisiana.  Although not authorized to do business in Louisiana, Keystone has property within the Court's territorial jurisdiction.

## Claim for Maritime Lien

5.

At all material times defendant, Keystone, was and is the owner of the Cargo currently onboard Barges ING5756, ING2262, ING5572, INO81052, OR5417, OR5456 and ING5718, which barges were and are owned and/or operated by Ingram.  The Cargo is currently within the territorial jurisdiction of this Honorable Court on the Mississippi River at Triangle Fleet near Reserve, Louisiana (LMR 136) in the aforementioned barges as follows:

| Barge | Tons of Coal |
|---|---|
| ING5756 | 1,629.4 |
| ING2262 | 1,779.47 |
| ING5572 | 1,656.7 |
| IN081052 | 1,666.6 |
| OR5417 | 1,731.4 |
| OR5456 | 1,689.89 |
| ING5718 | 1,707.1 |
| **Total** | **11,860.56** |

6.

At all material times, there were in full force and effect a certain Transportation Agreement No. 96985, and Addendums No. 1 through 5, between Ingram and Keystone, pursuant to the terms of which Ingram rendered services and transported coal in barges for and on behalf of Keystone during the period of March 20, 2012, through the current date. Under the Transportation Agreement and Addenda, it is the responsibility of Keystone to load and unload its coal to and from the barges at the points of origin and destination. Copies of the Transportation Agreement and applicable Addenda (collectively referred to as the "Contract") are attached hereto as Exhibit A and are pleaded herein as if copied *in extenso*.

7.

The Contract provides freetime of six (6) days for Keystone to load and unload each bargeload of coal at the point of origin and destination. The Contract also provides that following the expiration of freetime, demurrage is payable on each bargeload at the rate of $300 per barge per day until the coal is unloaded by Keystone in accordance with the Contract. Demurrage under the Contract is payable thirty (30) days after date of invoicing by Ingram.

8.

In the event that payment obligations under the Contract are not paid when due, the Contract provides that a "late charge equal to two percent (2%) or the maximum interest rate allowed by law of the payment due shall be charged and paid by Shipper [Keystone] each month...until such payment obligations are satisfied in full and all late charges paid."

3

9.

Pursuant to the terms and conditions of the Contract, Ingram invoiced Keystone for demurrage and interest thereon which is now past due and owed by Keystone to Ingram.  Copies of the said invoices are attached hereto and made a part hereof as Exhibit B.

10.

Keystone is in breach of the Contract by virtue of its default of payment of demurrage and interest due Ingram under the Contract in the total sum of $448,858.40, no part of which has been paid despite due demand.

11.

The Contract further provides that "Carrier will have a lien upon all cargo for any freight or demurrage due hereunder, which lien will survive the delivery of such cargo."  (Emphasis added.)  Keystone's failure to pay Ingram the outstanding amounts owed under the Contract gives rise to a maritime lien against the Cargo in favor of Ingram in the amount of $448,858.40. By reason of the foregoing, Ingram is entitled to and desires the issuance of a warrant of arrest of the Cargo pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims to enforce its maritime lien.

12.

Ingram is also entitled to its reasonable attorney's fees.  The Contract provides that "[i]f any agency or attorney is employed to assist in the collection of such payment obligation, then the delinquent party also shall be required to pay such agency/attorney's reasonable fees relating to such collection."

4

**Claim for Non-Resident Attachment**

13.

The allegations of articles 1 through 5 and 6 through 10 of this Verified Complaint are reiterated and repleaded as if copied *in extenso*.

14.

At all material times there were in full force and effect certain Transportation Agreements, Nos. 86448, 88303, 88643, 94227, 95888, 97425, 98604, 100298 and 100361, between Ingram and Keystone pursuant to the terms of which Ingram rendered services and transported coal in barges for and on behalf of Keystone from February of 2012 through the current date.  Under these Transportation Agreements (hereinafter "the Additional Contracts") it is the responsibility of Keystone to load and unload its coal to and from the barges at the points of origin and destination.  Copies of the Additional Contracts are attached as Exhibits C, D, E, F, G, H, I, J and K.

15.

Each of the Additional Contracts provides freetime of six (6) days for Keystone to load and unload each bargeload of coal at the point of origin and destination.  Each of the Additional Contracts also provides that following the expiration of freetime, demurrage is payable on each bargeload at the rate of $300 per barge per day until the coal is unloaded by Keystone in accordance with each of the Additional Contracts.  Demurrage under each of the Additional Contracts is payable thirty (30) days after date of invoicing by Ingram.

16.

In the event that payment obligations under each of the Additional Contracts are not paid when due, each of the Additional Contracts provide that a "late charge equal to two percent (2%) or the maximum interest rate allowed by law of the payment due shall be charged and paid by Shipper [Keystone] each month…until such payment obligations are satisfied in full and all late charges paid."

17.

Pursuant to the terms of each of the Additional Contracts, Ingram invoiced Keystone for demurrage and interest thereon which is now past due and owed by Keystone to Ingram. Copies of the said invoices are attached hereto and made a part hereof as Exhibit L.

18.

Keystone is in breach of each of the Additional Contracts by virtue of its default of payment of demurrage and interest due Ingram under each of the Additional Contracts in the total sum of $1,047,655.80, no part of which has been paid despite due demand.

19.

Ingram is also entitled to its reasonable attorney's fees. The Additional Contracts provide that "[i]f any agency or attorney is employed to assist in the collection of such payment obligation, then the delinquent party also shall be required to pay such agency/attorney's reasonable fees relating to such collection."

20.

As a result of the aforesaid Keystone is justly and truly indebted to plaintiff in the total amount of $1,496,514.20, no part of which has been paid despite demand therefore, plus all sums not presently due, but which may become due, together with interest, costs and attorney's fees.

21.

Because defendant, Keystone Industries, L.L.C., resides out of this state and has no duly appointed agent for service of process within the state but owns property situated within the jurisdiction of this Court, plaintiff is entitled to and desires the issuance of a writ of attachment against the defendants' property, in whatever hands it may be found, to the amount of $1,496,514.20 pursuant to Louisiana Code of Civil Procedure Article 3541(5), as provided by Rule B(e) of Supplemental Rule for Admiralty and Maritime Claims, including particularly the Cargo onboard Barges ING5756, ING2262, ING5572, IN081052, OR5417, OR5456, and ING5718.

WHEREFORE, plaintiff prays

(a)     that a warrant of arrest and process in due form of law issue against the cargos of coal onboard Barges ING5756, ING2262, ING5572, IN081052, OR5417, OR5456, and ING5718, citing those having or claiming any interest in the Cargo to appear and answer this complaint; that after due proceedings had there be judgment in favor of plaintiff and against the Cargo, *in rem*, in the amount of $448,858.40, together with interest, costs and attorney's fees; that plaintiff's maritime lien be recognized and enforced with preference and priority over all other claimants whomsoever; and that the Cargo onboard Barges ING5756, ING2262, ING5572,

7

IN081052, OR5417, OR5456, and ING5718, be condemned and sold to satisfy the judgment herein; and

(b)    plaintiff further prays that a writ of attachment issue herein commanding the U.S. Marshal for the Eastern District of Louisiana to seize and attach, according to law, property of Keystone Industries, L.L.C. within the jurisdiction of this Court sufficient to satisfy and discharge plaintiff's claim, and to hold the property subject to further order of this Court and the judgment to be rendered herein; that after due proceedings, there be judgment in favor of plaintiff and against defendant, Keystone Industries, L.L.C., condemning the defendant to pay to plaintiff the full sum of $1,496,514.20, with interest thereon at the rate of two percent (2%) per month from the dates due, until paid, and plaintiff's attorney's fees and costs of these proceedings; that the writ of attachment be maintained and that plaintiff's privilege resulting from the attachment be recognized and enforced and the said property be sold, and costs be paid, by preference and priority over all other creditors of defendant out of the proceeds of the sale.


**BEIRNE, MAYNARD & PARSONS, L.L.P.**
                **Of Counsel**

**RICHARD B. FOSTER, T.A. (La. 5780)**
**HAL C. WELCH (La. 13344)**
**SCOTT J. SONNIER (La. 22633)**
601 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Telephone: (504) 586-1241
Facsimile: (504) 584-9142

**ATTORNEYS FOR**
**INGRAM BARGE COMPANY**

**PLEASE ISSUE WARRANT OF ARREST** *in rem* against the Cargo described herein located onboard Barges ING5756, ING2262, ING5572, IN081052, OR5417, OR5456, and ING5718 located at Triangle Anchorage Services, Foot of E. 21st Street (by the levee on River Road), in Reserve, Louisiana 70084.

**PLEASE ISSUE WRIT OF ATTACHMENT** against the Cargo.

10

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

Before me, the undersigned authority, personally came and appeared

SCOTT J. SONNIER

who, after being duly sworn, did depose and say:

He is an attorney at the law firm Beirne, Maynard & Parsons, L.L.P., counsel for Ingram Barge Company, plaintiff in the above and foregoing Verified Complaint; that he has read the same and that all of the allegations are true and correct to the best of his knowledge, information and belief; that the source of his knowledge and the grounds for his belief are information from plaintiff and records of plaintiff made available to him by plaintiff; and that he makes this verification as attorney, which he is authorized by plaintiff to do, because authorized officers of plaintiff are not readily available in this District to make verification on plaintiff's behalf.

**SCOTT J. SONNIER**
As counsel for Ingram Barge Company

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 31st

DAY OF July , 2013.

**NOTARY PUBLIC**

JEFFREY T. PASTOREK
NOTARY PUBLIC ID NO. 90899
State of Louisiana
Bar No. 33309
My Commission expires at Death

10

<u>**AFFIDAVIT**</u>

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

Before me, the undersigned authority, personally came and appeared

SCOTT J. SONNIER

who, after being duly sworn, did depose and say:

To the best of his information, knowledge and belief, the defendant, Keystone Industries, L.L.C., is a foreign limited liability company; that it presently has monies and/or property within this District; and that defendant can neither be found within this District, nor does it have an agent for service of process within the jurisdiction of this Court.

_____

**SCOTT J. SONNIER**
**As counsel for INGRAM BARGE COMPANY**

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _3/st_

DAY OF ___July___, 2013.

_____

**NOTARY PUBLIC**

JEFFREY T. PASTOREK
NOTARY PUBLIC ID NO. 90899
State of Louisiana
Bar No. 33309
My Commission expires at Death

11